**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
_____ :
                                :
MITCHELL KING,                  :
                                :    Civil Action No. 05-2101 (RBK)
            Petitioner,         :
                                :
       v.                       :        O P I N I O N
                                :
BUREAU OF PRISONS,              :
                                :
            Respondent.         :
_____ :
```

**APPEARANCES:**

Mitchell King, Petitioner <u>pro</u> <u>se</u>
#18130-057
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640


**KUGLER**, District Judge

     Petitioner Mitchell King, a prisoner currently confined at

the Federal Correctional Institution at Fort Dix, New Jersey, has

submitted a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241.[1]  The sole named respondent is the Bureau of
Prisons.[2]

For the reasons stated herein, the Petition will be denied.
See 28 U.S.C. § 2243 ("A court ... entertaining an application
for a writ of habeas corpus shall forthwith award the writ or
issue an order directing the respondent to show cause why the
writ should not be granted, unless it appears from the
application that the applicant or person detained is not entitled
thereto.").

_____

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the
Supreme Court, any justice thereof, the district courts
and any circuit judge within their respective
jurisdictions.
(c) The writ of habeas corpus shall not extend to a
prisoner unless-- ... (3) He is in custody in violation
of the Constitution or laws or treaties of the United
States ... .

[2] Petitioner originally submitted this petition to the
United States District Court, Northern District of Florida.  The
submission, labeled as a "Motion to Join, or to intervene, or be
a party in the class action status . . . " was construed by the
Northern District of Florida as a Petition for a Writ of Habeas
Corpus, pursuant to 28 U.S.C. § 2241, and transferred to this
Court, located in the jurisdiction of Petitioner's confinement,
for resolution.

The Court also notes that Petitioner has failed to name
the warden of the facility in which he is incarcerated as a
respondent, as required by Yi v. Maugans, 24 F.3d 500, 507 (3d
Cir. 1994).  However, because the petition is being dismissed, it
would be nonsensical for the Court to order Petitioner to amend
the petition to name the warden as a respondent at this point.

## BACKGROUND

This statement of background facts is taken from the Petition and is accepted as true for purposes of this review.

Petitioner currently is serving a 176 month sentence imposed by the United States District Court for the Middle District of North Carolina.  Based upon the Bureau of Prisons ("BOP") policy interpreting 18 U.S.C. § 3624(b), relating to good time credits, Petitioner contends that he will be deprived of at least 108 days of good time credits.  Petitioner contends that the BOP policy misinterprets 18 U.S.C. § 3624(b), and that good time credits should be awarded based on the total term of imprisonment imposed, rather than on an annual incremental basis for time served.  Petitioner does not dispute the accuracy of the BOP's calculations under its stated policy.

## DISCUSSION

Petitioner was convicted in 1995 and sentenced in 1996.  For offenses committed before April 26, 1996, former 18 U.S.C. § 3624(b) provided:

> A prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of his life, shall receive credit toward the service of his sentence, beyond the time served, of fifty-four days at the end of each year of his term of imprisonment, beginning at the end of the first year of the term, unless the Bureau of Prisons determines that, during that year, he has not satisfactorily complied with such institutional disciplinary regulations as have been approved by the Attorney General and issued to the prisoner. If the Bureau determines that, during that year, the prisoner

3

has not satisfactorily complied with such institutional
regulations, he shall receive no such credit toward
service of his sentence or shall receive such lesser
credit as the Bureau determines to be appropriate. The
Bureau's determination shall be made within fifteen
days after the end of each year of the sentence. Such
credit toward service of sentence vests at the time
that it is received. Credit that has vested may not
later be withdrawn, and credit that has not been earned
may not later be granted. Credit for the last year or
portion of a year of the term of imprisonment shall be
prorated and credited within the last six weeks of the
sentence.

18 U.S.C. § 3624(b).[3]

The Bureau of Prisons has codified its interpretation of

former and current § 3624(b) at 28 C.F.R. § 523.20.

Pursuant to 18 U.S.C. 3624(b), as in effect for
offenses committed on or after November 1, 1987 but
before April 26, 1996, an inmate earns 54 days credit
toward service of sentence (good conduct time credit)
for each year served. This amount is prorated when the
time served by the inmate for the sentence during the
year is less than a full year. The amount to be
awarded is also subject to disciplinary disallowance

_____

[3] Section 3624(b) has been amended slightly. "Subject to
paragraph (2), a prisoner who is serving a term of imprisonment
of more than 1 year other than a term of imprisonment for the
duration of the prisoner's life, may receive credit toward the
service of the prisoner's sentence, beyond the time served, of up
to 54 days at the end of each year of the prisoner's term of
imprisonment, beginning at the end of the first year of the term,
subject to determination by the Bureau of Prisons that, during
that year, the prisoner has displayed exemplary compliance with
institutional disciplinary regulations. ... Credit that has not
been earned may not later be granted. Subject to paragraph (2),
credit for the last year or portion of a year of the term of
imprisonment shall be prorated and credited within the last six
weeks of the sentence." 18 U.S.C. § 3624(b)(1) (emphasis added.)
Subparagraph (b)(2) provides that credits awarded after the date
of enactment (April 26, 1996) of the Prison Litigation Reform Act
(Title VII of Pub. L. 104-134) "shall vest on the date the
prisoner is released from custody." 18 U.S.C. § 3624(b)(2).

... .  Pursuant to 18 U.S.C. 3624(b), as in effect for
offenses committed on or after April 26, 1996, the
Bureau shall consider whether the inmate has earned, or
is making satisfactory progress (see § 544.73(b) of
this chapter) toward earning a General Educational
Development (GED) credential before awarding good
conduct time credit.

(a) When considering good conduct time for an inmate
serving a sentence for an offense committed on or after
April 26, 1996, the Bureau shall award:

(1) 54 days credit for each year served (prorated when
the time served by the inmate for the sentence during
the year is less than a full year) if the inmate has
earned or is making satisfactory progress toward
earning a GED credential or high school diploma; or ...

This interpretation is implemented through BOP Program Statement

("P.S.") 5880.28 (emphasis added).  See also P.S. 5884.01, Good

Conduct Time Under the Prison Litigation Reform Act.  The Bureau

of Prisons has determined that "54 days of GCT [("good conduct

time")] may be earned for each full year served on a sentence in

excess of one year," P.S. 5880.28(g) (emphasis added), and has

derived a formula to calculate the amount of GCT that may be

earned for any fractional year served on a sentence in excess of

one year.

        For release purposes, subsection 3624(b) is the
most important provision in the computation process
since the proper application of that subsection
determines the actual statutory date of release for the
prisoner.  The release date is determined, of course,
by subtracting the total amount of GCT awarded during
the term of the sentence from the full time date of the
sentence.  The total amount of GCT awarded during the
term of a sentence is found by adding the amount of GCT
awarded at the end of each year to the amount of GCT
awarded for the last portion of a year.

As noted in (1) above, 54 days of GCT may be
awarded for each full year <u>served</u> on a sentence in
excess of one year.  Since 54 days of GCT per year
cannot be divided evenly into one year, or 12 months,
or 52 weeks, or 365 days, determining the amount of GCT
that may be awarded for the last portion of a year on
the sentence becomes arithmetically complicated.  The
BOP has developed a formula (hereinafter called the
"GCT formula") that best conforms to the statute when
calculating the maximum number of days that may be
awarded for the time served during the last portion of
a year on the sentence.

The GCT formula is based on dividing 54 days (the
maximum number of days that can be awarded for one year
in service of a sentence) into one day which results in
the portion of one day of GCT that may be awarded for
one day served on a sentence.  365 days divided into 54
days equals <u>.148</u>.  Since .148 is less than one full
day, no GCT can be awarded for one day served on the
sentence.  Two days of service on a sentence equals
.296 (2 x .148) or zero days GCT; ... seven days equals
1.036 (7 x .148) or <u>1</u> day GCT.  The fraction is always
dropped.

...

<u>It is essential to learn that GCT is not awarded
on the basis of the length of the sentence imposed, but
rather on the number of days actually served.</u>  In other
words, when the GCT awarded plus the number of days
actually served equals the days remaining on the
sentence, then the prisoner shall be released on the
date arrived at in the computation process.  (days
remaining on sentence - (GCT + days served) = release
date).  ...

P.S. 5880.28(g), <u>Sentence Computation Manual CCCA</u>, at 1-40

through 1-45 (emphasis added).

The Court of Appeals for the Third Circuit has recently held

that, although Section 3624(b) is ambiguous, the Bureau of

Prisons' interpretation is reasonable and entitled to deference

under the rule of <u>Chevron, U.S.A., Inc. v. Natural Resources</u>

Defense Council, Inc., 467 U.S. 837, 842-43 (1984).  See O'Donald

v. Johns, 402 F.3d 172 (3d Cir. 2005).  Accordingly, Petitioner

is not entitled to relief.

**CONCLUSION**

For the reasons set forth above, the Petition must be

denied.  An appropriate order follows.


S/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated:   April 28, 2005